# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AR FORT LEAVENWORTH, KS,
AR3 FORT LEAVENWORTH, KS,
AR4 FORT LEAVENWORTH, KS,
AR5 FORT LEAVENWORTH, KS,[1]
    Appellants,

v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBERS
DE-0752-13-1962-I-1 (AR)
DE-0752-14-0204-I-1 (AR3)
DE-0752-14-0205-I-1 (AR4)
DE-0752-14-0206-I-1 (AR5)

DATE: JUNE 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Janice L. Jackson</u>, Fort Leavenworth, Kansas, for the appellants.

<u>Anne E. Hinkebein</u>, Esquire, Fort Leavenworth, Kansas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] The appellants included in this consolidation are set forth in Appendices A-D to this order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1     The appellants have filed petitions for review of the initial decisions, which affirmed their furloughs.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting their petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

¶2     Citing serious budgetary challenges, including budget cuts required by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012, otherwise known as sequestration, the agency furloughed many of its employees.  *See, e.g.*, MSPB Docket No. DE-0752-13-0981-I-1, Initial Appeal File (0981 IAF), Tab 2 at 7-12.  A number of those employees filed Board appeals challenging their furloughs, which totaled 6 work days per employee in July and August 2013.  *See, e.g.*, 0981 IAF, Tab 1; *see also, e.g.*, MSPB Docket No. DE-0752-13-1962-I-1, Consolidated Appeal File (1962 CAF), Tab 23 at 4-5.  Below, the administrative judge grouped the appeals into four consolidations.  *See* 1962 CAF, Tab 19 at 8-19.  He held one hearing, *e.g.*, 1962 CAF, Tab 57, Hearing Recording, and issued four decisions, each affirming the furloughs, 1962 CAF, Tab 58, Initial Decision (1962 ID); MSPB Docket No. DE-0752-14-

0204-I-1, Consolidated Appeal File (0204 CAF), Tab 38, Initial Decision; MSPB Docket No. DE-0752-14-0205-I-1, Consolidated Appeal File (0205 CAF), Tab 41, Initial Decision; MSPB Docket No. DE-0752-14-0206-I-1, Consolidated Appeal File (0206 CAF), Tab 35, Initial Decision.[3]

¶3    The appellants have filed petitions for review in each of the four consolidations. *E.g.*, MSPB Docket No. DE-0752-13-1962-I-1, Petition for Review (1962 PFR) File, Tab 1. The agency has filed corresponding responses. *E.g.*, 1962 PFR File, Tab 3.

¶4    As a preliminary matter, we note that while the four consolidations below involved some particularized arguments, the petitions for review reassert arguments that were consistently raised in all of the consolidations. *See, e.g.*, 1962 PFR File, Tab 1. Therefore, we have further consolidated the four consolidations to address those similar arguments in this one decision. *See* 5 C.F.R. § 1201.36(a)(1), (b)(1)-(2) (consolidation is appropriate if doing so would expedite processing and not adversely affect the interests of the parties); *see also Prouty v. General Services Administration*, 122 M.S.P.R. 117, ¶¶ 1, 4 (2014) (consolidating cases on review that were adjudicated separately below). Accordingly, this final order applies to all of the appellants who were the subject of the four consolidations below and who filed a petition for review.

---

[3] The group identified as AR includes appellants from the agency's Training and Doctrine Command and Mission and Installation Contracting Command. 1962 CAF, Tab 19 at 17, Tab 23 at 4-5. The group identified as AR3 included appellants from the agency's Installation Management Command. 1962 CAF, Tab 19 at 13-14; *see* 0204 CAF, Tab 4 at 4-9. The group identified as AR4 included appellants from the agency's Medical Command. 1962 CAF, Tab 19 at 15-16; *see* 0205 CAF, Tab 4 at 4-7. The group identified as AR5 included appellants from the agency's Army Corrections Command, Army Sustainment Command, Dental Command, and Network Enterprise Center. 1962 CAF, Tab 19 at 18; *see* 0206 CAF, Tab 4 at 4-5.

<u>The administrative judge properly found that the furloughs promoted the efficiency of the service.</u>

¶5        The appellants argue that the furloughs did not promote the efficiency of the service and were, therefore, improper.  *E.g.*, 1962 PFR File, Tab 1 at 9-12.  We find no merit to these arguments.

¶6        Under 5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service."  Accordingly, an agency must prove that cause existed for the furlough and that the furlough promotes the efficiency of the service.[4]  *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014).  An agency satisfies the efficiency of service standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner.  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).

¶7        Below, the administrative judge found that the agency faced significant financial restrictions, the furloughs were a reasonable management solution, and the agency applied the furloughs in a fair and even manner.  *E.g.*, 1962 ID at 5.  The appellants have not presented any argument disputing the agency's financial restrictions, generally.   Instead, they contend that the agency erred by effectuating the furloughs based upon "global memorandum and supporting material" from the Department of Defense (DoD), and by failing to perform an "individualized analysis to determine if their furlough was necessary to promote the efficiency of the service."  *E.g.*, 1962 PFR File, Tab 1 at 9-12 (issues "a" and "c").

---

[4]  The appellants have not presented any substantive argument regarding the administrative judge's findings regarding cause for the furlough.  *See, e.g.*, 1962 ID at 5-6.  As a result, we will not revisit this issue on review.

¶8　　　　To the extent that the appellants' argument can be construed as disputing the agency's use of DoD guidance, generally, we are aware of no statute, regulation, or case law that requires the agency to prove its case before the Board without relying upon evidence from the Secretary of Defense or DoD officials. *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 15 (2014). The Department of the Army, though separately administered by the Secretary of the Army, is under the Secretary of Defense's direction, authority, and control. *Id*.

¶9　　　　To the extent that the appellants' argument can be construed as attempting to draw a distinction between the budgetary situations of their individual components and DoD's budgetary situation, their arguments remain unavailing. For purposes of furloughs and the efficiency of the service standard, it is reasonable for DoD to consider its budget situation holistically, rather than isolating each individual military department's situation. *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014). Accordingly, the appellants' arguments fail and we discern no other basis for disturbing the administrative judge's conclusion that the agency met its burden of proof. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

The appellants failed to establish that the agency committed a due process violation or harmful error in the administration of the furloughs.

¶10　　　　The appellants seem to suggest that the agency may have violated their right to due process or otherwise committed harmful procedural error. *See, e.g.*, 1962 PFR File, Tab 1 at 4-11. We disagree.

¶11　　　　Due process requires, at a minimum, that an employee being deprived of his property interest be given the opportunity to be heard at a meaningful time and in a meaningful manner. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (recognizing that due process rights may vary depending on the circumstances); *see also Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 18 (2014)

(discussing due process in the context of a furlough action). In addition, the Board will not sustain an agency decision if the employee proves harmful error in the agency's application of its procedures in arriving at that decision. 5 U.S.C. § 7701(c)(2)(A); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281 (Fed. Cir. 2011).

¶12      Here, the appellants do not dispute that they were provided an opportunity to respond to their proposed furloughs prior to the deciding officials issuing furlough decisions. *See, e.g.*, 0981 IAF, Tab 2 at 10-11; 1962 CAF, Tab 33. Instead, the appellants suggest that they may have lacked the materials necessary to make a meaningful response to those proposals. *E.g.*, 1962 PFR File, Tab 1 at 10. We find no merit to the argument.

¶13      The appellants reassert that, while testifying below, one of the agency's deciding officials, K.B., "could not specify with specificity whether employees . . . [were] supplied with a copy of the information explaining why he decided to furlough employees." *E.g.*, 1962 CAF, Tab 55 at 8; 1962 PFR File, Tab 1 at 10. However, we are unable to discern any relevance to this purported ambiguity.

¶14      The proposal and decision letters provided the appellants with the bases for the furlough actions. *See, e.g.*, 0981 IAF, Tab 2 at 7-12; *see also, e.g.*, 1962 CAF, Tab 23 at 4-5. Among other things, the proposal letters indicated that that the furloughs were necessary to accommodate the budgetary challenges stemming from sequestration; provided employees with detailed information about exceptions to the furloughs; and permitted 7 calendar days to review supporting material and submit a response. *E.g.*, 0981 IAF, Tab 2 at 10-12 (proposal letter example). The appellants do not dispute that they received these proposal letters. *See, e.g.*, 1962 CAF, Tab 33. In addition, they have not presented any evidence or argument that they requested and were denied additional information, individually.

¶15    Although the appellants do not argue that they sought additional information, individually, they reassert that the agency erred by failing to provide additional materials to their union. *E.g.*, 1962 PFR File, Tab 1 at 10; 1962 CAF, Tab 27 at 8. The administrative judge addressed this issue below, finding no impropriety, *e.g.*, 1962 ID at 12-14, and we agree.

¶16    Among other things, the administrative judge concluded that the union was not acting as a personal representative to any appellant during the proposal, reply, and decision-making process for the furloughs. *E.g.*, 1962 ID at 13-14. In arguing to the contrary, the petition for review only cites to a March 15, 2013 memorandum of agreement (MOA). 1962 PFR File, Tab 1 at 10. However, nothing in that MOA establishes the union as any appellant's designated representative concerning the July and August furlough actions. *See, e.g.*, 1962 CAF, Tab 27 at 13-19. Further, the MOA did not require the agency to provide copies of materials related to individual furloughs to the union. *Id.* Instead, the MOA simply demonstrates that the union engaged in collective bargaining in anticipation of those furloughs. *See id.*

¶17    Even if the union had been the appellants' designated representative for the actual furlough actions, rather than just for the events leading up to the furloughs, the appellants have failed to identify any improperly withheld documentation. The petitions for review claim that the agency was unwilling to supply "all of the appropriate information," but failed to identify what that appropriate information was. *See, e.g.*, 1962 PFR File, Tab 1 at 11. Below, the appellants pointed to two union requests for information regarding what cost savings the agency sought in lieu of the furlough. *E.g.*, 1962 CAF, Tab 27 at 8. However, it is undisputed that the union submitted the first request before May 2013, when the agency proposed any appellant's furlough, and submitted the second after the agency issued decisions in June 2013, for each appellant's furlough. *See, e.g.*, 1962 CAF, Tab 23 at 4-5, Tab 27 at 8. Moreover, the appellants have failed to explain the materiality of those requests for information about alternative cost savings. *See*

*Chandler*, [120 M.S.P.R. 163](#), ¶¶ 9, 15-16 (the Board's efficiency of the service determination does not encompass agency spending decisions per se, including spending on personnel matters; such matters belong to the judgment of agency managers, who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission). Accordingly, we find no due process violation or other error as it relates to the appellants having the opportunity to make a meaningful response.

¶18    The appellants' final argument is an assertion that the agency violated the March 15, 2013 MOA. *E.g.*, 1962 PFR File, Tab 1 at 4-9; *see generally* 1962 CAF, Tab 27 at 13-19. Specifically, the appellants contend that the agency violated a provision that established a single agency official, K.B., for approving exceptions to the furloughs. *E.g.*, 1962 PFR File, Tab 1 at 5-6. The administrative judge found no merit to the argument, *e.g.*, 1962 ID at 7-10, and we agree.

¶19    The appellants' argument pertaining to the MOA is one of harmful error.[5] An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision. [5 C.F.R. § 1201.56](#)(b)(2)(i)(C), (c)(1). A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. [5 C.F.R. § 1201.4](#)(r).

¶20    Here, even if we were to accept the appellants' contention that the agency violated the MOA by having several officials, rather than one designated official,

---

[5] In their petitions, the appellants presented this argument in terms of the agency's burden of proof, rather than a harmful error affirmative defense. *E.g.*, 1962, PFR File, Tab 1 at 6-9. The appellants argue that the purported MOA violation proved that the agency did not apply the furlough in a fair and even manner. *Id*. However, in a furlough appeal, an agency's burden is to prove that it treated similar employees similarly and justify any deviations with legitimate management reasons. *Chandler*, [120 M.S.P.R. 163](#), ¶ 8. Accordingly, we have considered the appellants' argument as a harmful error affirmative defense.

determine whether any furlough exceptions should apply, they have failed to prove any resulting harm. *See Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶¶ 14-16 (2015) (finding no harmful error where the deciding official delegated the task of receiving oral replies, rather than receiving them personally). The appellants presented no argument or evidence that the agency was likely to have reached a different conclusion as to their furloughs in the absence of the purported violation of the MOA. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (the Board may not assume that an employee has been harmed by a procedural error in the adverse action process).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.

APPENDIX A

AR Fort Leavenworth KS
DE-0752-13-1962-I-1

| | |
|---|---|
| Alan E. Moore | DE-0752-13-0947-I-1 |
| Benjamin J. Szemere | DE-0752-13-0981-I-1 |
| Bobbie M. Taijeron | DE-0752-13-0984-I-1 |
| Bradford T. Jackson | DE-0752-13-0917-I-1 |
| Charles C. Jackson | DE-0752-13-0918-I-1 |
| Debra M. Dropkin | DE-0752-14-0155-I-1 |
| Ida J. Giffin | DE-0752-13-0900-I-1 |
| Joyce J. Taylor | DE-0752-14-0160-I-1 |
| Keith L. Starks | DE-0752-13-0979-I-1 |
| Kim D. Wright | DE-0752-13-1001-I-1 |
| Larry J. Patrie | DE-0752-13-0954-I-1 |
| Melton N. Skaggs | DE-0752-14-0159-I-1 |
| Michael B. Dunn | DE-0752-13-0896-I-1 |
| Pamela S. Thomas | DE-0752-13-0987-I-1 |
| Philip A. Samudio | DE-0752-13-0966-I-1 |
| Robert M. Parvin | DE-0752-13-0953-I-1 |

APPENDIX B

AR3 Fort Leavenworth KS (IMCOM)
DE-0752-14-0204-I-1


| Alan D. Edwards | DE-0752-13-0897-I-1 |
|---|---|
| Allen L. Barnes | DE-0752-13-0862-I-1 |
| Brian R. Valdez | DE-0752-13-0991-I-1 |
| Candice L. Spath | DE-0752-13-0978-I-1 |
| Carol L. Brown | DE-0752-13-0872-I-1 |
| Courtney J. Risser | DE-0752-13-0963-I-1 |
| Daniel D. Doyle | DE-0752-13-0894-I-1 |
| David D. Brown | DE-0752-13-0873-I-1 |
| David M. Mellott | DE-0752-13-0941-I-1 |
| Edward L. Smith | DE-0752-13-0976-I-1 |
| Eugene K. Kreutzer | DE-0752-13-0926-I-1 |
| James L. Light | DE-0752-13-0933-I-1 |
| James M. Recoy | DE-0752-13-0959-I-1 |
| James T. Herken | DE-0752-13-0910-I-1 |
| Jeffrey R. Shugart | DE-0752-13-0971-I-1 |
| Jennifer L. Burford | DE-0752-13-0876-I-1 |
| Jeremey C. Allen | DE-0752-13-0856-I-1 |
| Jeremy J. Dunn | DE-0752-13-0895-I-1 |
| Joseph P. Peel | DE-0752-13-0955-I-1 |
| Juan J. Guzman | DE-0752-13-0904-I-1 |
| Kashawna N. McCaskill | DE-0752-13-0938-I-1 |
| Kris E. Wallace | DE-0752-13-0993-I-1 |
| Leonard H. Schupp | DE-0752-13-0967-I-1 |
| Lori Carrell | DE-0752-13-0878-I-1 |
| Lori H. Sigmon | DE-0752-13-0973-I-1 |

| | |
|---|---|
| Luis M. DeJesus | DE-0752-13-0889-I-1 |
| Mark D. Weishaubt | DE-0752-13-0995-I-1 |
| Matthew W. Liechti | DE-0752-13-0932-I-1 |
| Melissa D. Tull | DE-0752-13-0990-I-1 |
| Michael L. Hickman | DE-0752-13-0912-I-1 |
| Michael L. Lay | DE-0752-13-0931-I-1 |
| Nancy K. Boyer | DE-0752-13-0868-I-1 |
| Randy A. Thornton | DE-0752-13-0988-I-1 |
| Richard T. Baggett | DE-0752-13-0861-I-1 |
| Robert E. Allen | DE-0752-13-0857-I-1 |
| Robert W. Dokos | DE-0752-13-0893-I-1 |
| Teresa L. Dickerson | DE-0752-13-0891-I-1 |
| Timothy J. Mondero | DE-0752-13-0946-I-1 |
| Travis G. Boxley | DE-0752-13-0867-I-1 |

APPENDIX C

AR4 Fort Leavenworth KS (MEDCOM)
DE-0752-14-0205-I-1

| | |
|---|---|
| Amber E. Morgan | DE-0752-13-0948-I-1 |
| Angela F. Clauser | DE-0752-13-0882-I-1 |
| Audrey G. Harris | DE-0752-13-0853-I-1 |
| Bridgett L. Henry | DE-0752-13-0909-I-1 |
| Carolyn C. Anderson | DE-0752-13-0858-I-1 |
| Charlea A. Davis | DE-0752-13-0887-I-1 |
| Charles Johnson | DE-0752-13-0920-I-1 |
| David M. Lasko | DE-0752-13-0930-I-1 |
| Doris J. Cozadd | DE-0752-13-0885-I-1 |
| Dorothy M. Ramsey | DE-0752-13-0958-I-1 |
| Gulden Taylor | DE-0752-13-0985-I-1 |
| Janet M. Boschert | DE-0752-13-0866-I-1 |
| Kenya W. Abby | DE-0752-13-0855-I-1 |
| Laura Miller | DE-0752-13-0945-I-1 |
| Lisa M. Davis | DE-0752-14-0154-I-1 |
| Marianela Melo | DE-0752-13-0942-I-1 |
| Mark E. Catron | DE-0752-13-0880-I-1 |
| Marvin C. Ringgold | DE-0752-13-0962-I-1 |
| Mary C. Mathia | DE-0752-13-0937-I-1 |
| Mary E. Willis | DE-0752-13-0999-I-1 |
| Mary S. Francis | DE-0752-14-0156-I-1 |
| Melanie P. Conners | DE-0752-13-0883-I-1 |
| Michelle G. Smith | DE-0752-13-0977-I-1 |
| Paul M. Wilde | DE-0752-13-0998-I-1 |
| Ray U. Tomkins | DE-0752-13-0989-I-1 |

| | |
|---|---|
| Rudy D. Geater | DE-0752-13-0899-I-1 |
| Saritza Mickelboro | DE-0752-13-0944-I-1 |
| Scott A. Shelton | DE-0752-13-0970-I-1 |
| Stephen A. Belair | DE-0752-13-0863-I-1 |
| Steven J. Weston-Clark | DE-0752-13-0997-I-1 |
| Susan D. Landers | DE-0752-13-0928-I-1 |
| William A. McCullough | DE-0752-13-0939-I-1 |

APPENDIX D

AR5 Fort Leavenworth KS (Other)
DE-0752-14-0206-I-1


| | |
|---|---|
| Amatallah N. Naim | DE-0752-13-0951-I-1 |
| Anthony C. Carriger | DE-0752-13-0879-I-1 |
| Aubrey L. Visocsky | DE-0752-13-0992-I-1 |
| Chong K. Bielefeld | DE-0752-13-0865-I-1 |
| Crystal D. Pettway | DE-0752-13-0956-I-1 |
| Damon P. Ward | DE-0752-13-0994-I-1 |
| Gilbert R. Hernandez | DE-0752-13-0911-I-1 |
| Jeffrey D. Johnson | DE-0752-13-0921-I-1 |
| John L. Ray | DE-0752-14-0158-I-1 |
| Katherine E. Woods | DE-0752-13-1000-I-1 |
| Polly A. West | DE-0752-13-0996-I-1 |
| Ronny L. Holland | DE-0752-13-0915-I-1 |
| Scott E. Hamel | DE-0752-13-0905-I-1 |